
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 14-16485 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-01112-GMN-VCF |
| v. | |
| INFUSION MEDIA, INC., et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| JONATHAN EBORN, individually and as an officer of Infusion Media, Inc., Two Warnings, LLC., Two Part Investments, LLC., and West Coast Internet Media, Inc., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted July 21, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,** Senior District Judge.

Defendant-appellant Jonathan Eborn appeals from the district court's order entering judgment against him in the amount of $26,971,926.50. On October 4, 2010, in resolution of litigation initiated by the Federal Trade Commission (the "FTC"), a consent judgment was entered against Eborn and his co-defendants, which included a suspended monetary judgment. On March 25, 2014, the FTC filed a motion to reinstate the monetary judgment against Eborn in light of material misrepresentations and omissions that it identified in the financial statements Eborn submitted prior to the entry of the consent judgment. Eborn contends that the factual findings in the district court's order granting that motion were clearly erroneous and that the order runs afoul of Rule 52(a)(1) of the Federal Rules of Civil Procedure. We affirm.

**1.** Federal Rule of Civil Procedure 52(a)(1), which requires a district court to "find the facts specially and state its conclusions of law separately" under specified circumstances, does not apply because the FTC's motion and the district court's resolution thereof was not "an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). To the contrary, the FTC's motion

---

** The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

was governed by Federal Rule of Civil Procedure 52(a)(3), which provides that courts are "not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any other motion*." Fed. R. Civ. P. 52(a)(3) (emphasis added); *see Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1127 n.9 (9th Cir. 2013) (noting that Rule 52(a)(1) governs bench trials and Rule 52(a)(3) governs motions).

2.  Although Rule 52(a)(1) is thus inapplicable, nonetheless, under the consent judgment the monetary judgment could not be reinstated without the district court's finding that Eborn made material misstatements or omissions in his financial statements. Here, the district court's order is sufficiently clear, and the record sufficiently detailed, to permit meaningful review in this case. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000).

3.  We review the district court's factual findings for clear error. The clear error standard "is significantly deferential, and we will accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *Allen v. Iranon*, 283 F.3d 1070, 1076 (9th Cir. 2002). Here, there was ample evidence in the record to support the district court's factual determinations. Indeed, many of the underlying facts supporting the district

court's ruling were undisputed — such as Eborn's compensation from Augusta Capital and Link Media, and his failure to accurately report his residence and personal property — or not credibly disputed.[1] Eborn's misrepresentations and omissions were material as a matter of law, both because the FTC's agreement to the consent judgment was expressly conditioned on the truthfulness of Eborn's financial statements and because the parties stipulated that those financial statements provided the basis for the monetary judgment.

AFFIRMED.

---

[1] Although Eborn did present some evidence to the district court that contradicted some of the FTC's allegations, he does *not* challenge the district court's failure to hold an evidentiary hearing to resolve the conflicting evidence and questions of credibility.